**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Cornell DIAMOND, Junior,**
**Defendant–Appellant.**

**No. 00–50611.**
**D.C. No. CR–99–01231–ER.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Larry Cornell Diamond appeals his jury trial conviction for impersonating a federal officer, in violation of 18 U.S.C. § 913. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Diamond contends that the admission of inculpatory statements made by a non-testifying co-defendant violates his Sixth Amendment right to confront and cross-examine witnesses. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Because Diamond raises this issue for the first time on appeal, we review only for plain error. *See United States v. Nazemian,* 948 F.2d 522, 525 (9th Cir.1991) (applying plain error analysis where defendant failed to make timely Confrontation Clause objection in district court); *see also United States v. Olano,* 507 U.S. 725, 730, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Statements introduced at trial that were made by the non-testifying co-defendant concerning Diamond owning a handgun and being a business partner of the co-defendant are not facially incriminating. Only when linked to other evidence introduced at trial can they be construed as inculpatory. *See Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), (holding that a limiting instruction was sufficient to avoid a *Bruton* violation where the out-of-court statement did not clearly inculpate the defendant or was not powerfully incriminating, and "became so only when linked with evidence introduced later at trial"). The statement made by the co-defendant concerning an alibi for Diamond is a false exculpatory statement not admitted for the truth of·the matter asserted. This statement is not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

powerfully incriminating. *See United States v. Hackett,* 638 F.2d 1179, 1186–87 (9th Cir.1980). The district court gave an appropriate limiting instruction during trial, accordingly there was no *Bruton* error.

## AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.